## UNITED STATES v. CERTAIN LANDS IN ST. CHARLES COUNTY, MO. (WELDON SPRINGS CONDEMNATION CASES).

Nos. 765, 771, 777, 781, 785, 791, 797, 810, 811, 817, 827, 835, 841, 865, 875, 877, 985, 987, 991, 995, 997, 1000, 1001, 1010, 1015, 1021

District Court, E. D. Missouri, E. D.
July 11, 1946.

See also 61 F.Supp. 199.

Harry C. Blanton, U. S. Dist. Atty., of Sikeston, Mo., and C. J. Hughes, Sp. Asst. U. S. Atty., of St. Louis, Mo., for the United States.

Blatchford Downing, of Kansas City, Mo., for R. Newton McDowell.

MOORE, District Judge.

### Findings of Fact.

The Court finds the facts in each of the above entitled and numbered cases as follows:

1. In each of these cases there is in the registry of the Court a certain sum of money in an amount as shown by the records of the Clerk, which sum constitutes five percent of the amount of condemnation awards fixed by previous orders and judgments of the Court herein, and paid by the United States of America as plaintiff condemnor into the registry of the Court for the account of the owners of the lands involved herein, as compensation for the taking of such lands by the United States of America. Said amount of five percent has heretofore by order of the Court been awarded and allowed to the account of R. Newton McDowell as commissions or compensation due and owing from the several landowners to him, pursuant to the agreement between the United States of America and the said McDowell as well as the several agreements on the part of the said landowners embodied in the terms of the certain contracts for purchase of their lands by the United States, which contracts have been given effect as stipulations for agreed condemnation verdicts herein.

2. On May 15, 1942, said R. Newton McDowell, by a written instrument of that date, duly assigned to Blatchford Downing for the benefit of the latter's law firm, now bearing the name of Caldwell, Downing, Noble & Garrity of Kansas City, Missouri, all of said McDowell's right, title and interest in and to the said five percent commissions due to him from the said landowners, as security for attorneys' fees for legal services theretofore rendered, and thereafter to be rendered by said Downing, at the express instance and request of said McDowell, said assignment being designated Downing's Exhibit "A" herein, and made a part hereof by reference.

3. On April 20, 1942, said McDowell and said Downing entered into a written agreement of said date, designated Downing's Exhibit "B" herein, and made a part hereof by reference, whereby said parties agreed upon the amount of attorney's fees for certain items of services specified therein aggregating seven thousand dollars ($7,000), the amount of compensation for certain other items of services referred to therein being left open and undetermined for future adjustment and agreement, and further agreed that in addition thereto, said Downing should receive five percent of the amounts payable to said McDowell as his five percent commissions or compensation above referred to, which amount was at the time of trial herein estimated and fixed at $3309, as of said time, subject to increase if the amounts payable to McDowell become increased by reason of additional amounts becoming payable to the landowners or to McDowell.

Thereafter, said Downing and his law firm performed certain legal services at the express instance and request of said McDowell, of the reasonable value of $5,296, and the total amount of such attorneys' fees for services rendered up to the time of trial herein, namely, January 24, 1946, amounted to $15,605 as more fully itemized in memorandum designated Downing's Exhibit "C" herein, which is made a part hereof by reference. Said amounts itemized in said memorandum and agreement of $15,605 are fair and reasonable charges for the services rendered.

Said Downing or his law firm incurred and expended out of pocket expenses in connection with legal services rendered at the instance and request of said McDowell in the total sum of $1250.

Against the foregoing charges, there has been paid by McDowell to said Downing or his law firm, the sum of $2400, applied on attorneys' fees, and the sum of $1119.34 to apply on expenses, leaving unpaid, due and owing, the sums of $13,205 on account of attorneys' fees, and $130.66 on account of expenses.

4. The Collector of Internal Revenue of the United States has heretofore made assessment of Federal taxes against said R. Newton McDowell in the total sum of $54,473.71, including interest and penalties as of August 8, 1945. The nature of the taxes assessed, the taxable years, dates the assessment lists were received by the Collector, and the amounts of the assessments respectively, are as shown and stated in the amended claim of the United States for and on behalf of the Collector of Internal Revenue for the 6th District of Missouri.

Nothing herein is to be deemed a finding or adjudication in any respect with reference to the validity of said tax assessments in whole or in part, or of the ultimate liability of said McDowell for payments thereof, it having been expressly agreed and stated in Court in these proceedings, and ordered that the validity of such tax assessments and ultimate liability for such tax claims was not to be adjudicated in these proceedings.

5. The said Collector of Internal Revenue for the 6th Collection District of Missouri, caused notices of lien for said taxes to be duly filed on July 7, 1945, with the Recorder of Deeds of Jackson County, Missouri, and on July 16, 1945, with the Recorder of Deeds of the City of St. Louis, and counties of St. Charles, Lincoln, Warren and Franklin, Missouri, and between June 1, 1945 and July 20, 1945, caused warrants of distraint, notice of liens and notices of levy for said taxes to be served upon the landowners named as defendants in the condemnation proceedings herein.

6. The aggregate amount of funds representing such five percent commissions or compensation awarded to the account of said McDowell in the registry of this Court of Division No. 1 hereof (omitting the amounts involved in four cases which have been passed for hearing, and not involved herein) is $17,037.90.

## Conclusions of Law.

1. The claim of R. Newton McDowell for five percent commissions or compensation in the condemnation proceedings herein was a claim against the owners of the several parcels of land herein involved, pursuant to the agreement on the part of the said landowners embodied in the terms of the contracts for the purchase of their lands by the United States. Such funds in the registry of this Court as are being held for the account of R. Newton McDowell were awarded in payment of that claim. By the terms of his agreement with the War Department, McDowell had not, and could not have, any claim against the United States for such commissions or compensation.

2. The written assignment of the said claim against the landowners from R. Newton McDowell to Blatchford Downing, dated May, 15, 1942, Downing's Exhibit "A" herein, is valid and effective according to its terms, and vests in said Downing as of May 15, 1942, the right to receive, as security for his attorneys' fees for legal services rendered, such amount of the funds in the registry of this Court heretofore awarded to the account of said McDowell in payment of the said claim as may be necessary to pay said Downing the sum of $13,205.00 attorneys' fees, and $130.66 expenses.

3. Said rights and title of said Downing are prior in time and senior and paramount to the claims of the United States or its Collector of Internal Revenue for the 6th District of Missouri, on account of said tax assessments and tax lien notices, warrants or distraints, and they are not subject to any deduction by way of set off in favor of the United States on account of such tax claims, and said Downing is entitled to have such amounts paid and distributed to him, and disbursed by the Clerk of this Court, such disbursements to be made from the funds on deposit in the respective cases above numbered, beginning with the lowest numerical number until said claim of Downing is paid and discharged in full.

4. After payment and disbursement to said Downing of said funds in the amounts above stated, the United States Collector

of Internal Revenue for the 6th District of Missouri is entitled to receive disbursement of the remaining funds in the registry of this Court in any of these proceedings, the same to be held by him on account of said tax assessments against said R. Newton McDowell by virtue of his tax lien and notices and distraints or warrants of distraint, the same to be, however, without prejudice to the rights of McDowell or parties claiming under him, to demand and sue for recovery and repayment of such of said funds as he or parties claiming under him may claim constitute collections of tax claims or liabilities whose validity remains to be adjudicated.